UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIQUEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GAVIN NEWSOM, RALPH DIAZ, XAVIER BECERRA,<br><br>　　　　Defendants. | Case No.  1:20-cv-01044-DAD-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION[1]<br><br>FOURTEEN-DAY DEADLINE<br><br>(Doc. No.  1) |

Pending before the Court for screening under 28 U.S.C. §1915A is the pro se civil rights complaint filed under 42 U.S.C. § 1983 by Pedro Rodriquez—a prisoner—currently incarcerated at Valley State Prison.  (Doc. No. 1, Complaint).  Plaintiff files the Complaint seeking "prospective injunctive relief" due to a risk of Covid-19 if transferred to a county jail.  The undersigned finds Plaintiff lacks standing to bring the Complaint and the Complaint otherwise fails to state any cognizable claim.  The undersigned further finds the deficiencies in the Complaint cannot be cured by amendment and therefore recommends dismissal of the action without leave to amend.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

**STANDARD OF REVIEW**

Because Plaintiff commenced this action while in jail, he is subject to the Prison Litigation Reform Act ("PLRA"), which requires, *inter alia*, the court to screen a complaint that seeks relief against a governmental entity, its officers, or its employees under 28 U.S.C. § 1915A before directing service upon any defendant. This requires the court to identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Claims are frivolous where they are based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). Examples of immunity considered during the screening that would preclude relief, include quasi-judicial immunity, sovereign immunity, or qualified immunity. Additionally, a prisoner plaintiff may not recover monetary damages absent a showing of physical injury. *See* 42 U.S.C. § 1997e(e). In other words, to recover monetary damages, a plaintiff must allege a physical injury that need not be significant but must be more than *de minimis*, except for claims involving the First Amendment. *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002) (agreeing with the Second, Fifth, and Eleventh Circuits on PLRA's injury requirement).

At the screening stage, the court accepts the factual allegations in the complaint as true, construes the complaint in the light most favorable to the plaintiff, and resolves all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643

F.2d 618, 624 (9th Cir. 1981).  Critical to evaluating a constitutional claim is whether it has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

The Federal Rules of Civil Procedure require only that the complaint contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2). Nonetheless, a claim must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Although detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678 (citations omitted), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

### BACKGROUND AND SUMMARY OF COMPLAINT

The Court accepts as true the factual allegations in the Complaint only for purposes of this screening order.  The Complaint identifies the following defendants and sues each in their official capacity: Gavin Newsom, Governor of the State of California; Ralph Diaz, Secretary of the California Department of Corrections; and Xavier Becerra, Attorney General of the State of California.  (Doc. No. 1 at 2).  The Complaint alleges an "Eighth Amendment right not to be subjected to **future harm** of cruel and unusual punishment."  (*Id*. at 3)( emphasis added).  The Complaint consists of 7 pages but attaches and incorporates various exhibits including, *inter alia*: Plaintiff's pro se petition for writ of mandate filed on February 21, 2020 in the Sacramento County Superior Court; a sentencing brief dated March 10, 2017 filed in San Diego Superior Court (*id.* at 16-18); and a July 17, 2020 order from the Fourth Appellate District affirming Plaintiff's conviction of contempt for contacting the 16-year-old victim and her family in the related criminal case more than 400 total times despite the court's protective order ruling that he

not do so, (*id.* at 37-45).

The gravamen of the Complaint is Plaintiff believes he will die from Covid-19 if he is transferred from prison to any county jail to serve his consecutive misdemeanor sentence after he completes his term of imprisonment and/or paroles from prison. Specifically, Plaintiff states San Diego county has lodged a detainer on him to serve a "16-year misdemeanor term" for his subsequent conviction of contempt. (*Id.* at 2, 5). Plaintiff claims the 16-year sentence is "excessive" because "the maximum term which can be served in county jail for a misdemeanor is one year." (*Id*. at 6). As a result, Plaintiff claims the sentence is "unlawful." (*Id*. at 7). Because he is 48 years old, Plaintiff believes if he is required to serve his unlawful consecutive sentence it will amount to a "death sentence because of the unabated Covid-19 virus and exceeds the punishment intended by the jury." (*Id.* at 5). As relief, Plaintiff seeks "prospective injunctive relief" to prevent his transfer to the county jail after his current prison sentence terminates. (*Id.* at 3).

## APPLICABLE LAW AND ANALYSIS

### 1. Plaintiff Lacks Standing

"Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Spokeo Inc. v. Robins*, 578 U.S. 330, 338 (2016). To establish Article III standing, three elements must be satisfied: a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements. *Id.* (citing *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231, (1990)). Where, as here, a case is at the pleading stage, the plaintiff must "clearly ... allege facts demonstrating" each element. *Id.* (citing *Warth v. Seldin,* 422 U.S. 490, 518 (1975)).

Plaintiff cannot satisfy the first element of standing—an injury in fact. Significantly, Plaintiff has not suffered any injury but instead seeks to enjoin the perceived threat of a future harm, *e.g.* preclude his future detainment at the county jail due to the Covid-19 virus. A threat of future harm is speculative at best and Plaintiff has not sustained a concrete harm sufficient to

convey standing. *See TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021)(recognizing risk of future harm standing alone is too speculative to support Article III standing). Nor is the risk of harm to Plaintiff sufficiently imminent and substantial. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398 (2013)(noting injunctive relief maybe possible for threat of future harm if the harm is imminent and substantial). Indisputably, the Covid-19 virus affects people both in the general population at large as well as those confined in institutions. But Plaintiff's professed beliefs if transferred from prison to a county jail to serve a consecutive sentence that: (1) he would contract Covid 19; and (2) would die if he contracted Covid 19 are entirely speculative and insufficient to provide Plaintiff with standing. *See Ford v. Carnival Corp.*, 553 F. Supp. 3d 765, 772–73 (C.D. Cal. 2021) (finding "[c]ontracting COVID-19 is not plausibly imminent, immediate, or an instant physical harm. There are too many factors involved to determine the risk of exposure for each individual.").

### 2. Plaintiff Improperly Seeks Habeas Relief

Plaintiff claims his 16-year sentence is "excessive" and "unlawful." (Doc. No. 1 at 6, 7). Essentially Plaintiff is challenging his conviction and sentence under the guise of a § 1983 action. A prisoner who wishes to challenge the fact or duration of confinement must pursue relief through a habeas corpus action under 28 U.S.C. § 2254. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973); *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Civil rights actions brought under 42 U.S.C § 1983 challenge unconstitutional the conditions of confinement. *Preiser*, 411 U.S. at 499; *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement,'" but rather must seek habeas corpus relief. *Cervantes v. Pratt*, 224 F. App'x 697, 700 (9th Cir. 2007)(citing *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005));*see also Heck v. Humphrey*, 512 U.S. 477 (1994). To the extent Plaintiff seeks to challenge his consecutive 16-year sentence and conviction as unlawful he must do so through a writ of habeas corpus, not under the guise of a civil rights action.

### 3. This Court Cannot Grant Compassionate Release

Arguably Plaintiff believes his age makes him at greater risk of harm from the Covid-19 virus once incarcerated at the county jail and is challenging his future conditions of confinement,

5

the instant action is properly filed under 42 U.S.C. § 1983. *See Ryles v. California Dep't of Corr and Rehab.*, 2021 WL 5585880, at * 3 (E.D. Cal. Nov. 30, 2021)(noting distinctions between habeas and § 1983 and similarly finding action challenging conditions posed by Covid-19 properly filed under § 1983). To the extent Plaintiff seeks compassionate release due to his age and his fear that the San Diego County Jail will have "unabated Covid-19," his motion for a sentencing reduction must be filed in the sentencing court. 18 U.S.C. § 3582(c)(1)(A); *see also Ryles v. California Dep't of Corr and Rehab.*, Case No. 1:21-cv-00064-JLT (PC), 2021 WL 5585880, at * 3 (findings and recommendations to dismiss case seeking compassionate release under § 1983 due to the Covid-19 virus)(citing *United States v. Ono*, 72 F.3d 101, 102 (9th Cir. 1995) (holding that a motion under section 3582(c) is a step in the criminal case that requires the sentencing court to reexamine the original sentence); *see also Bolden v. Ponce*, No. 1:20-cv-03870-JFW-MAA, 2020 WL 2097751, at *2 (C.D. Cal. May 1, 2020)(holding that the district court lacks authority to grant release under § 3582(c)(1)(A) based on conditions caused by the Covid-19 pandemic because petition was not filed in sentencing court). Because this Court is not the sentencing court, it cannot grant Plaintiff compassionate relief. Further, a plaintiff seeking to bring a compassionate relief claim, must first exhaust his or her administrative remedies. *See United States v. Heffington*, 476 F.Supp.2d 1042, 1047-48 (E.D. Cal. Aug. 4, 2020)(reviewing and granting motion for compassionate release from prisoner with serious medical issues and advanced age, but noting no parties contested exhaustion of administrative remedies).

### 4. No Cognizable Constitutional Violation

Alternatively, to the extent Plaintiff wishes to enjoin his subsequent transfer, case law establishes he has no constitutional right to remain in any particular prison of his choosing. As a general rule, prisoners have no expectation they will remain in any particular facility during their confinement and prison officials have broad authority to transfer prisoners from one facility to another. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (holding prisoners maintain no expectation that they will be confined in any particular prison); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976) (holding prisoners have no expectation that they will be confined in any particular facility). Plaintiff's wish not to be transferred to the San Diego County Jail at a future

time based on his fear that he may contract Covid 19 does not state a cognizable claim. *See Stephen v. Tilestone*, No. 2:20-cv-1841 KJN P, 2021 WL 289379 at *——, 2021 U.S. Dist. LEXIS 16584 at *15-16 (E.D. Cal. Jan. 28, 2021) (concluding that plaintiff failed to allege Eighth Amendment violation for prison transfer that purportedly put him at extreme risk of contracting COVID-19 because he did not allege facts showing how any defendant violated his rights).

### 5. Any Amendment Would Be Futile

Pro se litigants usually are provided notice of the deficiencies in the complaint and provided with an opportunity to amend an otherwise deficient complaint before the court dismisses the case. A court, however, may properly dismiss a complaint when it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar*, 698 F.3d at 1212 (citing *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988)(per curiam). This court previously encountered a case with similar facts and dismissed a complaint without leave to amend. *See Ryles*, 2021 WL 5585880, at *1-4. Like *Ryles*, based upon the facts alleged in the instant Complaint, the deficiencies cannot be cured by amendment, and further leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)(reversing and remanding decision when court did not permit further amendment because order did not include a finding that the pleading cannot be cured by the allegation of other facts); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987)(noting unless its clear amendment would not cure the deficiencies, then leave to amend should be given). Based on the foregoing, the undersigned recommends the district court dismiss the Complaint without leave to amend.

Accordingly, it is **RECOMMENDED**

The Complaint be dismissed without leave to amend.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 23, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE